DUNCAN, Circuit Judge,
concurring in Parts I and II and concurring in the judgment:
With respect, I join in all but Part III of Judge Trader’s incisive opinion. I agree with the majority that the Foreign Sovereign Immunities Act (“FSIA”) does not, upon examination of its plain language and the context of its drafting, apply to individual officers of foreign states. I note as well that our decision on this issue is not the radical departure from the course of current authority that it might seem. While few of our sister circuits have reached the same conclusion, the United States Department of State has argued in analogous cases that the common law immunities that predate the FSIA remain the appropriate body of law under which courts should consider the sovereign immunity of individuals. Our decision in this case, is in keeping with this position and with the statutory text of the FSIA itself. I therefore concur in Parts I and II of the opinion and in the judgment reversing the district court and remanding this case for further proceedings.
Our conclusion that the FSIA does not apply to individuals is sufficient to resolve the case before us. Therefore, I do not join my colleagues in reaching the question of whether and how Dole Food Co. v. Patrickson, 538 U.S. 468, 123 S.Ct. 1655 (2003), would apply to individual foreign officers. Prudential considerations also militate against an expansive holding. Sovereign immunity, while a judicial question, is inextricably bound up with the executive branch’s conduct of foreign affairs, and I would prefer to err on the side of caution in the extension of our jurisprudence.